IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 3, 2005 Session

## STATE OF TENNESSEE v. PAUL DENNIS REID, JR.

**Automatic Appeal from the Court of Criminal Appeals**
**Circuit Court for Montgomery County**
**No. 38887    John H. Gasaway, III, Judge**

---

**No.  M2001-02753-SC-DDT-DD - Filed May 24, 2005**

---

ADOLPHO A. BIRCH, JR., J., concurring and dissenting.

I concur in the conclusion of the majority that Reid's conviction should be affirmed. As to the sentence of death, however, I respectfully dissent. I continue to adhere to my view that the comparative proportionality review protocol currently embraced by the majority is inadequate to shield defendants from the arbitrary and disproportionate imposition of the death penalty. See Tenn. Code Ann. § 39-13-206(c)(1)(D) (1995 Supp.).

I have repeatedly expressed my displeasure with the current protocol since the time of its adoption in State v. Bland, 958 S.W.2d 651 (Tenn. 1997). See State v. Thacker, __ S.W.3d __ , __, 2005 WL 984397 (Tenn., April 27, 2005)(Birch, J., concurring and dissenting); State v. Thomas, 158 S.W.3d 361, 384, (Tenn. 2005) (Birch, J., concurring and dissenting); State v. Faulkner, 154 S.W.3d 48, 64 (Tenn. 2005) (Birch, J., concurring and dissenting); State v. Cole, 155 S.W.3d 885, 910 (Tenn. 2005) (Birch, J., concurring and dissenting); State v. Robinson, 146 S.W.3d 469, 529 (Tenn. 2004) (Birch, J., concurring and dissenting); State v. Leach, 148 S.W.3d, 42, 68 (Tenn. 2004) (Birch, J., concurring and dissenting); State v. Davis, 141 S.W.3d 600, 632 (Tenn. 2004) (Birch, J., concurring and dissenting); State v. Berry, 141 S.W.3d 549, 589 (Tenn. 2004) (Birch, J., concurring and dissenting); State v. Holton, 126 S.W.3d 845, 872 (Tenn. 2004) (Birch, J., concurring and dissenting); State v. Davidson, 121 S.W.3d 600, 629-36 (Tenn. 2003) (Birch, J., dissenting); State v. Carter, 114 S.W.3d 895, 910-11 (Tenn. 2003) (Birch, J., dissenting); State v. Reid, 91 S.W.3d 247, 288-89 (Tenn. 2002) (Birch, J., concurring and dissenting); State v. Austin, 87 S.W.3d 447, 467-68 (Tenn. 2002) (Birch, J., dissenting); State v. Stevens, 78 S.W.3d 817, 852 (Tenn. 2002) (Birch, J., concurring and dissenting); State v. McKinney, 74 S.W.3d 291, 320-22 (Tenn. 2002) (Birch, J., concurring and dissenting); State v. Bane, 57 S.W.3d 411, 431-32 (Tenn. 2001) (Birch, J., concurring and dissenting); State v. Stout, 46 S.W.3d 689, 720 (Tenn. 2001) (Birch, J., concurring and dissenting); Terry v. State, 46 S.W.3d 147, 167 (Tenn. 2001) (Birch, J., dissenting); State v. Sims, 45 S.W.3d 1, 23-24 (Tenn. 2001) (Birch, J., concurring and dissenting); State v. Keen, 31 S.W.3d 196, 233-34 (Tenn. 2000) (Birch, J., dissenting). As previously discussed, I believe that the

three basic problems with the current proportionality analysis are that: (1) the proportionality test is overbroad,[1] (2) the pool of cases used for comparison is inadequate,[2] and (3) review is too subjective.[3] I have previously discussed, in depth, my perception that these flaws undermine the reliability of the current proportionality protocol. See State v. Godsey, 60 S.W.3d at 793-800 (Birch, J., concurring and dissenting). I continue to adhere to my view that the current comparative proportionality protocol is woefully inadequate to protect defendants from the arbitrary or disproportionate imposition of the death penalty. Accordingly, I respectfully dissent from that portion of the majority opinion affirming the imposition of the death penalty in this case.

ADOLPHO A. BIRCH, JR.

---

[1] I have urged adopting a protocol in which each case would be compared to factually similar cases in which *either* a life sentence or capital punishment was imposed to determine whether the case is more consistent with "life" cases or "death" cases. See State v. McKinney, 74 S.W.3d at 321 (Birch, J., concurring and dissenting). The current protocol allows a finding proportionality if the case is similar to existing *death penalty* cases. In other words, a case is disproportionate only if the case under review "is plainly lacking in circumstances consistent with those in similar cases in which the *death penalty* has been imposed." Bland, 958 S.W.2d at 665 (emphasis added).

[2] In my view, excluding from comparison that group of cases in which the State did not seek the death penalty, or in which no capital sentencing hearing was held, frustrates any meaningful comparison for proportionality purposes. See Bland, 958 S.W.2d at 679 (Birch, J., dissenting). The majority justifies its decision not to include such cases by stating that it would be inappropriate to review the exercise of prosecutorial discretion. However, I note that in a July 2004 study conducted by the State Comptroller on the costs and the consequences of the death penalty, one of the conclusions was that prosecutors across the state are inconsistent in their pursuit of the death penalty. In my view, this inconsistency contributes to arbitrariness in the imposition of the death penalty. See John G. Morgan, Comptroller of the Treasury, Tennessee's Death Penalty: Costs and Consequences 13 (July 2004), *available at www. comptroller. state. tn.us/orea/reports*.

[3] As I stated in my concurring/dissenting opinion in State v. Godsey, "[t]he scope of the analysis employed by the majority appears to be rather amorphous and undefined–expanding, contracting, and shifting as the analysis moves from case to case." 60 S.W.3d 759, 797 (Tenn. 2001) (Birch, J., concurring and dissenting).